IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   16-cr-285-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NICOLE SLIZESKI,
    a/k/a NICOLE LOHMEIER,

    Defendant.

_____

**INDICTMENT**
**Count 1-5:  18 U.S.C. § 1344(2) (Bank Fraud)**
**Count 6:  18 U.S.C. § 656 (Embezzlement by Bank Employee)**
**Forfeiture Allegation**
_____

    The Grand Jury charges that:

At all times relevant to this indictment:

## COUNT 1

1. Moritz Title Co. Denver, LLC (Moritz Title) was a real estate closing company and title company with its principal office located in Denver, Colorado.

2. Moritz Title performed settlements and closings for various mortgage lenders, which business included in part, the receipt of mortgage loan funds from mortgage lenders intended for disbursement to parties identified on real estate settlement statements (known as HUD-1s or settlement statements) according to the lender's instructions. The disbursement recipients included, but were not limited to, other mortgage lenders due to receive mortgage pay offs.

3.  Between July 2003 and April 2011, NICOLE SLIZESKI was employed as an escrow manager at Moritz Title in Denver, Colorado, and as such, had authority to disburse funds as directed by lenders related to the closings and refinancings of real estate transactions.

4.  Between April of 2011 and March of 2013, NICOLE SLIZESKI was employed by JP Morgan Chase Bank as a Closing Team Manager, and as such, had authority to make wire transfers in relation to real estate transactions.

5.  M&T Bank, National Association, (M&T Bank) was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation.

6.  JP Morgan Chase Bank, National Association, (JP Morgan Chase Bank) was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation.

7.  Coldwell Banker Home Loans is a mortgage lending business and a financial institution whose activities affect interstate and federal commerce.

8.   First California Mortgage Company is a mortgage lending business and a financial institution whose activities affect interstate and federal commerce.

9.  Beginning in or about January 2010, and continuing until in or about March 2013, in the State and District of Colorado, the defendant NICOLE SLIZESKI, knowingly executed and attempted to execute a scheme to obtain moneys and funds owned by, and under the custody and control of financial institutions, namely, M&T Bank, JP Morgan Chase Bank, Coldwell Banker Home Loans, and First California Mortgage

2

Company, by means of materially false and fraudulent pretenses, representations, and promises (hereinafter "the scheme").

10. It was part of the scheme that NICOLE SLIZESKI

   a) knew that money received by Moritz Title from mortgage lenders and financial institutions financing the purchase or refinance of real property was supposed to be deposited into Moritz Title's escrow account and used to pay the pre-existing mortgage(s) and expenses related to closing the particular real estate transaction for which that money was received by Moritz Title;

   b) instead of using the funds for this purpose, NICOLE SLIZESKI misappropriated the Moritz Title escrow funds by failing to forward the disbursements that were due as a result of the real estate closings and only later forwarded such disbursements when funds from different mortgage lenders were deposited into the Moritz Title escrow account from unrelated real estate transactions for which NICOLE SLIZESKI was the closing agent;

   c) caused the financial institutions and mortgage lenders who lent money to the home owners who were purchasing or refinancing real property to believe that they were receiving good title to the real property for which Moritz Title acted as the settlement agent when they were not because their funds were not used as directed and prior mortgages were not paid off;

   d) attempted to avoid detection of her misappropriation of escrow funds by altering the settlement statements on certain real estate transactions and placing those altered settlement statements in Moritz Title's files so that Moritz Title's copy of the

settlement statements for these real estate transactions matched the fraudulent distribution of funds for these transactions;

 e) withdrew funds from Moritz Title's escrow account and deposited those funds into her personal checking account ending in 8624;

 f) withdrew funds from Moritz Title's escrow account and used those funds to make payments on her personal credit cards and a line of credit ending in 3182, 9383, and 8624, respectively.

 g) directed that funds intended for JP Morgan Chase be deposited into her personal checking account ending in 3968;

11. On or about January 19, 2010, in the State and District of Colorado, for the purpose of executing and attempting to execute the scheme, NICOLE SLIZESKI, obtained moneys and funds owned by, and under the custody and control of M&T Bank by means of materially false and fraudulent pretenses, representations, and promises by directing that M&T Bank funds be deposited into her personal checking account ending in 8624, which amount was intended to pay off a prior home equity loan owed by NICOLE SLIZESKI, thereby leading M&T Bank to believe it was in first position on NICOLE SLIZESKI'S home when it was not.

 All in violation of Title 18, United States Code, Section 1344(2).

## **COUNT 2**

12. The allegations contained in Paragraphs 1-3, and 8-10 of this Indictment are hereby re-alleged as if set forth in their entirety and are incorporated herein by reference.

13. On or about July 26, 2010, in the State and District of Colorado, for the purpose of executing and attempting to execute the scheme, NICOLE SLIZESKI, obtained moneys and funds owned by, and under the custody and control of First California Mortgage Company by means of materially false and fraudulent pretenses, representations, and promises by failing to forward First California Mortgage Company funds to pay off a prior mortgage owed by A.T. and D.T., thereby leading First California Mortgage Company to believe it was in first position on A.T. and D.T.'s home when it was not.

All in violation of Title 18, United States Code, Section 1344(2).

## COUNT 3

14. The allegations contained in Paragraphs 1-3, and 8-10 of this Indictment are hereby re-alleged as if set forth in their entirety and are incorporated herein by reference.

15. On or about August 9, 2010, in the State and District of Colorado, for the purpose of executing and attempting to execute the scheme, NICOLE SLIZESKI, obtained moneys and funds owned by, and under the custody and control of First California Mortgage Company by means of materially false and fraudulent pretenses, representations, and promises by failing to forward First California Mortgage Company funds to pay off a prior mortgage owed by S.S., thereby leading First California Mortgage Company to believe it was in first position on S.S.'s home when it was not.

All in violation of Title 18, United States Code, Section 1344(2).

## COUNT 4

16. The allegations contained in Paragraphs 1- 3, 7, and 9-10 of this Indictment are hereby re-alleged as if set forth in their entirety and are incorporated herein by reference.

17. On or about December 20, 2010, in the State and District of Colorado, for the purpose of executing and attempting to execute the scheme, NICOLE SLIZESKI, obtained moneys and funds owned by, and under the custody and control of Coldwell Banker Home Loans by means of materially false and fraudulent pretenses, representations, and promises by failing to forward Coldwell Banker Home Loans funds to pay off a prior mortgage owed by D.P., thereby leading Coldwell Banker Home Loans to believe it was in first position on D.P.'s home when it was not.

All in violation of Title 18, United States Code, Section 1344(2).

## COUNT 5

18. The allegations contained in Paragraphs 4, 6, and 9-10 of this Indictment are hereby re-alleged as if set forth in their entirety and are incorporated herein by reference.

19.  On or about February 10, 2012, in the State and District of Colorado, for the purpose of executing and attempting to execute the scheme, NICOLE SLIZESKI, obtained moneys and funds owned by, and under the custody and control of JP Morgan Chase Bank by means of materially false and fraudulent pretenses, representations, and promises by failing to direct that JP Morgan Chase Bank funds pay off a prior JP Morgan Chase Bank mortgage owed by M.L., thereby leading JP Morgan Chase Bank

to believe M.L. owed only one mortgage to JP Morgan Chase Bank when in fact M.L. owed two mortgages to JP Morgan Chase Bank.

All in violation of Title 18, United States Code, Section 1344(2).

## COUNT 6

20. The allegations contained in Paragraphs 4 and 6 of this Indictment are hereby re-alleged as if set forth in their entirety and are incorporated herein by reference.

21. On or about February 10, 2012, in the State and District of Colorado, NICOLE SLIZESKI, being an employee of JP Morgan Chase Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, embezzled, abstracted, purloined, and willfully misapplied $114,017.22 of the moneys and funds intrusted to the custody and care of JP Morgan Chase Bank by directing that those funds be deposited into her personal checking account ending in 63968.

All in violation of Title 18, United States Code, Section 656.

### Forfeiture Allegation

22. The allegations contained in Counts 1-6 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(2)(A).

23. Upon conviction of the violation alleged in Counts 1-6 of this Indictment involving violation of Title 18, United States Code, Sections 1344 and 656, defendant NICOLE SLIZESKI shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all of the defendant's right, title and interest in all property

constituting and derived from any proceeds obtained directly and indirectly as a result of such violations, including, but not limited to the entry of a forfeiture money judgment in the amount of proceeds obtained by the scheme and by the defendant.

24.  If any of the property described above, as a result of any act or omission of the defendant:

> a)  cannot be located upon the exercise of due diligence;
> b)  has been transferred or sold to, or deposited with, a third party;
> c)  has been placed beyond the jurisdiction of the Court;
> d)  has been substantially diminished in value; or
> e)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

Dated this _____ day of _____, 2016.


A TRUE BILL


<u>Ink signature on file in the clerk's office</u>
FOREPERSON

ROBERT C. TROYER
Acting United States Attorney


By: s/Martha A. Paluch
MARTHA A. PALUCH
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0404
E-mail: martha.paluch@usdoj.gov
Attorneys for the United States

9