IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 16-cr-00285-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. NICOLE SLIZESKI,

    Defendant.

_____

**UNOPPOSED MOTION TO VACATE
TRIAL DATE AND SCHEDULE STATUS CONFERENCE**
_____

Nicole Slizeski, by and through her attorney, Assistant Federal Public Defender Robert W. Pepin, moves this Court to vacate the trial date presently set for November 14, 2016, and schedule a status conference at which a realistic motions and trial schedule can be established. AUSA Martha Paluch has communicated to defense counsel that an ends of justice request, such as made here, would be unopposed by the government. As grounds for this motion to vacate the trial and schedule a status conference, counsel states:

1. Ms. Slizeski is charged in a six count indictment with charges associated with bank fraud and embezzlement. Ms. Slizeski was arraigned on September 20, 2016. The case was set for a five day jury trial to begin on November 14, 2016. Motions were ordered to be filed by October 7, 2016. Discovery was provided by the government on September 20, 2016.

2.  The events alleged in the indictment took place from approximately three to six years ago and are alleged to have involved a number of financial institutions including M&T Bank, JP Morgan Chase Bank, Coldwell Banker Home Loans, and First California Mortgage Company. There appear to be multiple witnesses, alleged victims, and investigative officers.

3.  The materials the defense has received (and not yet had the opportunity to study) will need to be analyzed, assessed, investigated, and discussed in depth with Nicole Slizeski. Expert assistance may be necessary.

4.  It is difficult to tell exactly how many pages of discovery have been provided because numerous bates designations are used by the providing agencies however it does not appear that there are more than few thousand pages.

5.  Investigation and preparation efforts are complicated by the passage of time. This is not an insurmountable challenge; counsel and investigators will do whatever is necessary to find and refresh the various witnesses. However, such an investigation takes more time than the average case without such a passage of time. The defense has begun the analysis process.

In essence, this is not the standard case, and the circumstances involved will require more than the allotted speedy trial time.

6.  Counsel for Nicole Slizeski asks that the Court set a status/scheduling conference at which reasonable times for reviewing discovery, filing motions, and the setting of court dates can be established.

7.  In support of this motion, Nicole Slizeski addresses the factors articulated in *United States v. West*, 828 F. 2d 1468, 1469-70 (10th Cir. 1987).  This outline of factors

is consistent with the discussion concerning the adequacy of the record in an ends-of-justice continuance context found in *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007).

In *West*, the 10th Circuit outlined certain factors they look to when weighing whether a denial of a continuance is arbitrary or unreasonable. These factors include the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm the appellant might suffer as a result of the district court's denial of the continuance.

Applying the *West* factors, counsel for Ms. Slizeski states as follows:

a. The defense has exercised diligence. The defense has only had the case for 17 days. Counsel above set forth the circumstances surrounding this case, the discovery, the potential witnesses and the length of time between commission of the alleged offenses and today. Counsel has been as diligent as possible considering the circumstances. Some of the discovery provided has been reviewed. Much more than diligence will be required to effectively represent Ms. Slizeski at trial, if trial is necessary, or to help her knowingly and intelligently decide to enter into a plea agreement.

b. If a continuance is granted, there is every reason to believe that discovery will be digested, technical information will be learned, potential witnesses found and interviewed, discussions with the government continued successfully, and other information will be collected. The only present impediment is the time limitation.

3

Thus, there is a high likelihood that the continuance, if granted, would accomplish the purpose underlying Ms. Slizeski's need for the continuance.

        c.     AUSA Martha Paluch has informed counsel that she does not object to the defense request of a continuance of the trial. The defense possesses no information suggesting that any government witnesses would be inconvenienced. Counsel does not presume in any given instance that the Court would or would not be inconvenienced by a requested continuance.  Counsel does not intend inconvenience to this Court and knows of no particular aspect of this request which would cause such a problem.  As always, counsel is eager to cooperate with the Court to lessen the chance of inconvenience.

        d.     The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result a denial. The need for the continuance is described throughout this motion. Without the requested continuance, the defense will be unable to investigate and prepare the case sufficiently. This motion is being prepared on the defense motions filing due date and discovery was received 17 days ago. Without the exclusion of a substantial period of time from the speedy-trial calculations, defense counsel will not be able to provide effective assistance of counsel and/or due process as guaranteed by the Fifth and Sixth Amendments to the U.S. Constitution, and Ms. Slizeski right to a fair, effectively represented trial will be denied

   8.   The ends of justice outweigh the best interest of the public and the defendant in a speedy trial and warrant the vacating and continuing the trial date as provided in 18 U.S.C. § 3161(h)(7)(A).

9.      Obviously, in its present form this motion focuses upon the ends of justice and not upon "complexity" i.e. the question of whether due to the nature of the prosecution and the technical expertise necessary to defend the case that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by 18 U.S.C. § 3161.  Counsel is not asserting complexity because they have not seen enough of the case to know whether it is complex or not.  Should they determine, after getting further into the case, that they should additionally raise the issue of complexity, they will make further motion.

WHEREFORE, counsel, moves this Court to vacate the trial date presently set for November 14, 2016, and schedule a status conference at which a realistic motions and trial schedule can be established.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

*s/ Robert W. Pepin*
Robert W. Pepin
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Robert_Pepin@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2016, I electronically filed the foregoing

**UNOPPOSED MOTION TO VACATE
TRIAL DATE AND SCHEDULE STATUS CONFERENCE**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Martha Ann Paluch, Assistant U.S. Attorney
    Martha.paluch@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Ms. Slizeski (U.S. Mail)

    *s/ Robert W. Pepin*
    Robert W. Pepin
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Robert_Pepin@fd.org
    Attorney for Defendant