IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 16-cr-00285-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.    NICOLE SLIZESKI,
     a/k/a NICOLE LOHMEIER,

        Defendant.
_____

**UNITED STATES' MOTION FOR A PRELIMINARY ORDER OF FORFEITURE FOR A PERSONAL MONEY JUDGMENT AGAINST DEFENDANT NICOLE SLIZESKI**
_____

        COMES NOW the United States of America ("United States"), by and through Assistant United States Attorney Laura B. Hurd, pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure, and herein moves this Court to enter a Preliminary Order of Forfeiture for a Personal Money Judgment against defendant Nicole Slizeski.  In support, the United States sets forth the following:

**I.**    **Statement of Facts**

        1.    On August 24, 2016, the grand jury charged defendant Nicole Slizeski in Counts One through Five with violations of 18 U.S.C. § 1344(2) (Bank Fraud) and Count Six with a violation of 18 U.S.C. § 656 (Embezzlement by Bank Employee).  (Doc. 1).

        2.    The Indictment also sought forfeiture in the form of a personal money judgment against defendant Nicole Slizeski, pursuant to 18 U.S.C. § 982(a)(2)(A), in the amount of proceeds obtained from the scheme and by the defendant.  (Doc. 1, p. 7-8).

3.      On March 8, 2017, the United States and defendant Nicole Slizeski entered into a Plea Agreement in this case.  The Plea Agreement provided that defendant would plead guilty to Count Five of the Indictment, charging a violation of 18 U.S.C. § 1344(2), Bank Fraud. (Doc. 35. p. 1).

4.      The defendant also agreed to the entry of a preliminary order of forfeiture for a personal money judgment.  Specifically, the defendant agreed to admit the forfeiture allegations and agreed to the entry of a forfeiture money judgment not to exceed the restitution amount. (Doc. 35, pp. 2, 9).

5.      The Plea Agreement provides an ample basis for an order of forfeiture under 18 U.S.C. § 982(a)(2)(A).

6.      The defendant is scheduled to be sentenced on June 1, 2017.  (Doc. 34).

## II.     Argument

7.      Pursuant to 18 U.S.C. § 982(a)(2)(A), the Court shall order criminal forfeiture of property constituting, or derived from, proceeds obtained directly or indirectly as a result of a violation of 18 U.S.C. § 1344 (Bank Fraud).

8.      Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture as soon as practicable after a plea of guilty.

9.      When a personal money judgment is sought, "the court must determine the amount of money the defendant will be ordered to pay."  Fed. R. Crim. P. 32.2(b)(1)(A). Once the property is determined to be subject to forfeiture, the Court "must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment."  Fed.

R. Crim. P. 32.2(b)(2)(A).

10. Here, the United States established that the defendant obtained $153,027.90 in proceeds through the scheme as set forth in the Indictment. As to Count Five to which defendant Nicole Slizeski pled guilty, she admitted that while working at JP Morgan Chase Bank, she was on the closing team for JP Morgan Chase Bank customer M.L. M.L had refinanced her home mortgage and $114,017.22 in funds were to be used to pay off M.L's first home loan. The $114,017.22 was never applied to the loan. The defendant, instead, directed a wire transfer of $114,017.22 into an account in the defendant's and her brother's names. In addition, in January 2010, while employed at Moritz Title Company, the defendant sold her home and directed that $36,010.68 in M&T Bank funds intended to pay off her home equity loan with Chase Home Finance be deposited into defendant's personal checking account. The defendant later wrote a check from the Moritz Title bank account in the amount of $39,010.68 to pay off her home equity loan, plus interest accrued.

11. The total amount of restitution still owed in this case is $138,885.83. The defendant has made payments to JP Morgan Chase towards the amount owed to that entity. Of the total restitution amount due, $99,875.15 is still owed to JP Morgan Chase Bank and $39,010.68 is owed to Moritz Title Company. Accordingly, a forfeiture money judgment in the amount of $138,885.83 should be entered against the defendant pursuant to 18 U.S.C. § 982(a)(2)(A), and in accordance with the Plea Agreement.

WHEREFORE, the United States moves this Court to enter a Preliminary Order of Forfeiture for a Personal Money Judgment against defendant Nicole Slizeski tendered herewith, for the reasons set forth above.

DATED this 12th day of April 2017.

        Respectfully submitted,

        ROBERT C. TROYER
        Acting United States Attorney

By: s/*Laura B. Hurd*
      Laura B. Hurd
      Assistant U.S. Attorney
      U.S. Attorney's Office
      1801 California Street, Suite 1600
      Denver, Colorado 80202
      Telephone: (303) 454-0100
      E-mail: laura.hurd@usdoj.gov
      *Attorney for the United States*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of April 2017, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record.

        s/Jody Gladura
        FSA Data Analyst
        Office of the U.S. Attorney