**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.   16-cr-00285-RM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

NICOLE SLIZESKI,
      a/k/a NICOLE LOHMEIER,

      Defendant.

---

**PARTIES' JOINT RESPONSE TO THE COURT'S MAY 22, 2017
MINUTE ORDER (ECF 56)**

---

The United States of America, by and through Martha A. Paluch, Assistant United States Attorney, and the defendant, through her counsel Assistant Federal Public Defender Robert W. Pepin, hereby respectfully respond to this Court's May 22, 2017 Minute Order directing the parties to explain the loss calculation in this case. ECF 56.

**Loss Calculation:**

The parties used the amounts of the misdirected funds for each transaction to calculate the loss in this case.   Those amounts are:

    Count 1:   $36,010.68.   ECF 35 at 6.

    Count 2:   $52,529.74.   *Id.* at 7.

    Count 3:   $80,746.69.   *Id.*

    Count 4:   $71,020.38.   *Id.*

1

Count 5:   $114,017.22.   *Id.* at 5-6.

Relevant conduct of $756.25.   *Id.* at 7.

These amounts total **$355,080.96.** [1]

**U.S.S.G. § 2B1.1, App. Note 3(E)(i)**

The Court directed the parties to address how Application Note 3(E)(i) affects the loss calculation.   This application note provides that loss may be reduced by amounts that a defendant returned to a victim "before the offense was detected."   U.S.S.G. § 2B1.1, comment. (n. 3(E)(i)).   In this case, the defendant paid prior lenders with funds she misdirected from subsequent real estate transactions or from Moritz Title's bank account.   With the exception of funds taken from JP Morgan Chase and Moritz Title, the defendant returned funds to the prior defrauded lenders "before the offense was detected."   *Id.*   Loss per count should therefore be calculated as follows:

**Count 1:**   The defendant directed that $36,010.68 be deposited into her personal bank account rather than pay off her Chase Home Finance home equity loan.   A month later, she wrote a check from the Moritz Title bank account in the amount of $39,010.68 to pay off that home equity loan.   Accordingly, the defendant receives a credit against the loss for her home equity loan, because she returned those funds prior to this offense being detected.   However, Moritz Title was never paid back for the $39,010.68 check drawn on their account that the defendant used to pay Chase Home Finance.   **Therefore, the loss amount for Count 1 is $39,010.68.**

---

[1] Under this theory, the government should have included the fraudulent transfer of $39,010.68 in Moritz Title funds that the defendant used to pay off her Chase Home Finance home equity loan.   ECF 35 at 6.

2

**Count 2:**   The defendant failed to forward $52,529.74 to pay off a prior mortgage owed by A.T. and D.T.   A few weeks later, the defendant used a portion of the funds from the sale of S.S.'s home to pay off A.T. and D.T.'s prior mortgage. Accordingly, the defendant receives a credit against the loss for the A.T. and D.T. prior mortgage because she returned those funds prior to this offense being detected. **Therefore, there is no loss amount for Count 2.**

**Count 3:**   The defendant failed to forward $80,746.69 to pay off a prior mortgage owed by S.S. after the sale of his home.   Approximately four months later, the defendant used a portion of the funds from the sale of D.P.'s home to pay off S.S.'s prior mortgage.   Accordingly, the defendant receives a credit against the loss for S.S.'s prior mortgage because she returned those funds prior to this offense being detected. **Therefore, there is no loss amount for Count 3.**

**Count 4:**   The defendant failed to forward $71,020.38 to pay off a prior mortgage owed by D.P. after the sale of her home.   Approximately a year later, the defendant used a portion of the funds from the refinance of M.L.'s home to pay off D.P.'s prior mortgage.   Accordingly, the defendant receives a credit against the loss for D.P.'s prior mortgage because she returned those funds prior to this offense being detected. **Therefore, there is no loss amount for Count 4.**

**Count 5:**   While employed at JP Morgan Chase, the defendant failed to forward $114,017.22 to pay off a prior mortgage owed by M.L. after the refinance of her home mortgage.   This misdirection of funds was discovered and the defendant was fired from JP Morgan Chase.   While the defendant has made some payments towards the

restitution she owes to JP Morgan Chase, those payments were made after her offense was detected. Accordingly, the defendant is not entitled to any credit against the loss to JP Morgan Chase for purposes of the loss calculation. **Therefore, the loss amount for Count 5 is $114,017.22.**[2]

**Relevant Conduct:** As agreed to in the plea agreement, the defendant also wrote a check out of the Moritz Title bank account in the amount of $756.25 payable to her Discover card. **Therefore, the loss amount for relevant conduct is $756.25.**

Based upon this analysis, the revised loss calculation in this case should be **$153,784.15 ($39,010.68 + $114,017.22 + $756.25).**

This revised loss amount would reduce the defendant's offense level calculation by two levels. U.S.S.G. § 2B1.1(b)(1)(F) (loss of more than $150,000 but less than $250,000).

**U.S.S.G. § 2B1.1, App. Note 3(F)(iv)**

The Court directed the parties to address whether App. Note 3(F)(iv) affects the intended loss calculation. This application note specifically applies to "...a case involving a fraudulent investment scheme, such as a Ponzi scheme." The parties submit that this provision does not apply to the facts of this case. The defendant was not running an investment scheme, nor was investment, fraudulent or otherwise, any part of her criminal behavior. While her scheme was described in the presentence report as similar to a Ponzi scheme, ECF 54 at 5, § 24, that reference was made to explain why there was a difference between the loss and restitution calculations and not

---

[2] Count 6 is the embezzlement count, which addresses the same loss amount as that set forth in Count 5.

to identify the defendant's actions as of the investment scheme variety. Even if the scheme had involved investment, there was no gain to one lender that was "used to offset the loss to another."

For these reasons, the parties respectfully request that the Court find that the loss in this case as **$153,784.15**, rather than the $355,080.96 amount set forth in the plea agreement.

The parties note that this revision does not affect the amounts listed in the Preliminary Order of Forfeiture, ECF 38.   However, Moritz Title Company is entitled to restitution in the amount of **$39,766.93** ($39,010.68 for Count 1 plus $756.25 in relevant conduct, see ECF 35 at 7).   JP Morgan Chase is entitled to restitution in the amount of **$99,875.15** – the $114,017.22 amount minus payments later made by the defendant.

Respectfully submitted this 26th day of May, 2017.

       *s/ Martha A. Paluch*
       MARTHA A. PALUCH
       Assistant U.S. Attorney
       1801 California Street, Suite 1600
       Denver, CO 80202
       Telephone 303-454-0100
       Facsimile 303-454-0402
       Email: martha.paluch@usdoj.gov

       *s/ Robert Pepin*
       ROBERT PEPIN
       Assistant Federal Public Defender
       633 Seventeenth Street, Suite 1000
       Denver, CO   80202
       Telephone 303-294-7002
       Robert_Pepin@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of May, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following e-mail addresses:

Mr. Robert Pepin
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, CO   80202
Robert_Pepin@fd.org

Ms. Paige Meador
United States Probation Officer
Paige_Meador@cod.uscourts.gov

*s/Mariah Hill*
Mariah Hill
Legal Assistant
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303 454-0100
Fax: 303 454-0402
Email: Mariah.Hill@usdoj.gov