# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# JUDGE RAYMOND P. MOORE

| | |
|---|---|
| Courtroom Deputy:  Cathy Pearson<br>Court Reporter:  Tammy Hoffschildt<br>Probation Officer:  Paige Meador | Date:  June 1, 2017<br>Interpreter:  n/a |

**CASE NO.   16-cr-00285-RM**

| Parties | Counsel |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>1.  NICOLE SLIZESKI,<br>a/k/a Nicole Lohmeier,<br><br>     Defendant. | Martha Paluch<br><br><br><br><br><br>Robert Pepin |

## COURTROOM MINUTES

**SENTENCING HEARING**
**COURT IN SESSION:       12:30 p.m.**
Appearances of counsel.   Defendant is present and on bond.

Defendant entered her plea on March 8, 2017, to Count 5 of the Indictment.   The Court formally accepts the Plea Agreement at this hearing.

Discussion held regarding pending motions and objections.

Counsel for the Government addresses the Court regarding sentencing.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, and comments on matters relating to the appropriate sentence.

Defendant addresses the Court regarding sentencing.

Statement by the Court regarding Defendant's offense level, criminal history level, and sentencing guidelines range.

Court states its findings and conclusions.

**ORDERED:** Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, NICOLE SLIZESKI, a/k/a Nicole Lohmeier, is hereby committed to the custody of the Bureau of Prisons to be **imprisoned** for a term of **10 months.**

**ORDERED:** Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **three (3) years.**

**ORDERED: Mandatory Conditions** of Supervised Release:
- (**X**) Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.
- (**X**) Defendant shall not commit another federal, state or local crime.
- (**X**) Defendant shall not illegally possess controlled substances.
- (**X**) Defendant shall not possess a firearm or destructive device.
- (**X**) Defendant shall comply with standard conditions recommended by U.S. Sentencing Commission.
- (**X**) Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.
- (**X**) Defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.

**ORDERED: Special Conditions** of Supervised Release:
- (**X**) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.
- (**X**) Defendant must provide the probation officer access to any requested financial information and authorize the release of any financial information until all financial obligations imposed by the Court are paid in full.
- (**X**) As directed by the probation officer, Defendant must apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation in this case.
- (**X**) If the judgment imposes restitution, Defendant must pay the restitution in accordance with the Schedule of Payments sheet of this judgment. Defendant must also notify the court of any changes in economic circumstances that might affect her ability to pay the financial penalty/restitution.   Absent further order of the Court, the financial obligation is to be paid on the basis of 10% of the defendant's gross monthly income until the amount is paid in full.

    (**X**)    If Defendant has an outstanding financial obligation, the probation office may share any financial or employment documentation relevant to Defendant with the Asset Recover Division of the United States Attorney's Office to assist in the collection of the obligation.

    (**X**)    Defendant must document all income and compensation generated or received from any source and must provide that information to the probation officer as requested.

    (**X**)    Defendant must not engage in an occupation, business, profession, or volunteer activity that would require or enable her to be in charge of finances or funds of others or third-party identifying information without prior approval of the probation officer.

    (**X**)    Defendant must participate in financial counseling and/or budgeting as directed and approved by the probation officer.

    (**X**)    Defendant must participate in and successfully complete a program of testing and/or treatment for substance abuse as approved by the probation officer, until such time as Defendant is released from the program by the probation officer.   Defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment.   Defendant will be required to pay the cost of treatment as directed by the probation officer.

    (**X**)    Defendant must participate in and successfully complete a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. Defendant will be required to pay the cost of treatment as directed by the probation officer.

    (**X**)    Defendant shall comply with the terms and conditions for payment of the special assessment, restitution or fine imposed by the judgment.

    (**X**)    Defendant shall pay any **special assessment, restitution, fine** that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

**ORDERED:**   Defendant shall pay **$100** to **Crime Victim Fund** (Special Assessment), to be paid immediately.

**ORDERED:**   **No fine** is imposed because defendant has no ability to pay a fine.

**ORDERED:**   Defendant shall make **restitution** as follows:   $39,010.68 to Joel Moritz, and $99,875.15 to JP Morgan Chase Bank.

**ORDERED:**   Interest on the restitution is **waived**, because Defendant has no ability to pay the interest.

**ORDERED:**   Pursuant to Rule 32.2 the Federal Rules of Criminal Procedures, and the matters that have been part of the parties' agreement, the sum of $138,885.83 shall be forfeited as judgment, pursuant to 18 USC § 982(a)2 (A).

The Court finds, pursuant to 18 U.S.C. § 3663A(c)(3)(B), that determining complex issues of fact related to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.

Defendant advised of right to appeal.

**ORDERED:**  Any notice of appeal must be filed within 14 days.

**ORDERED**:   Bond is continued.

**ORDERED:**  Defendant shall voluntarily surrender and report to the institution designated by the Bureau of Prisons within 15 days from the date of designation.

**ORDERED:**  Government's Motion to Grant the Defendant an Additional One-Level Decrease Pursuant to U.S.S.G. § 3E1.1(b) [Doc. 58] is GRANTED as stated on the record.

**ORDERED:**  Defendant's Motion for Statutory Sentence (Doc. 51) is DENIED as stated on the record.

**ORDERED:**  Government's Motion to Dismiss Counts with Prejudice (Doc. 57) is GRANTED as stated on the record.

**Court in recess:**     2:16 p.m.
Hearing concluded.
Total time:             1:29